IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-10-00200-CR

 

Logan Penadela,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 12th District
Court

Walker County, Texas

Trial Court No. 24080

 



MEMORANDUM Opinion



 

Pursuant to a
plea bargain agreement, Logan PenaDeLa pleaded guilty to the offense of
bribery.  Tex. Penal Code Ann.
36.02 (Vernon 2003).  The trial court deferred the adjudication of guilt and
placed PenaDeLa on community supervision for three years.  We affirm.

Background Facts

PenaDeLa was a prison
guard for the Texas Department of Criminal Justice.  PenaDeLa and another
prison guard, Zachary Kyle Hollis, were suspected of smuggling contraband into
the prison.[1] 
Assistant Warden Lonnie Johnson testified at the hearing on the motion to
suppress that at approximately 10:00 p.m., he received a call at his house
about the alleged smuggling of contraband.  Warden Johnson went to the unit and
spoke with the supervisor and later spoke to PenaDeLa as part of his
administrative investigation.  Johnson first conducted a verbal interview with
PenaDeLa, and then Johnson asked PenaDeLa to write out his statement.  Johnson
testified that he conducted only an administrative investigation concerning
PenaDeLa’s employment.  Johnson did not give any warnings before PenaDeLa gave
his statement.

Johnson
testified that an administrator will call the Office of the Inspector General
(OIG) if it appears that there may be cause for a criminal investigation. 
Johnson called OIG and informed PenaDeLa that OIG would need to talk to him.

Investigator
Brent Dorman with the OIG testified at the hearing that he received a call at
approximately 11:00 p.m. to go to the unit.  Upon arriving at the unit, Dorman
spoke with Johnson about the alleged offense.  Dorman read PenaDeLa his Miranda[2]
warnings before taking a statement from him.  In addition to the traditional Miranda
warnings, Dorman also informed PenaDeLa of an additional right applicable to
TDCJ employees.  That warning stated that PenaDeLa is a suspect in a criminal
case and that he would not be subject to employment discipline if he refused to
waive his Miranda rights.  PenaDeLa signed the statement acknowledging
that he received the warnings and also acknowledging that he was not in
custody. Dorman stated that PenaDeLa understood that he did not have to talk to
Dorman.  PenaDeLa was not in custody and was free to terminate the interview. 
PenaDeLa gave a written statement to Dorman and later was escorted off the
unit.

PenaDeLa
testified that he gave both an oral and written statement to Warden Johnson. 
PenaDeLa stated that he felt he would be arrested if he did not give a
statement.  PenaDeLa later gave a written statement to Investigator Dorman, and
he acknowledged that Dorman read him his rights.  However, PenaDeLa testified
that he felt he was under arrest and not free to leave.  PenaDeLa further
testified that he did not understand his additional right as a TDCJ employee
that he could exercise his Miranda rights without being disciplined by
TDCJ.  PenaDeLa testified on cross-examination that he understood he was not in
custody or under arrest.  PenaDeLa stated that he never asked to leave.

In his sole
issue on appeal, PenaDeLa complains that the trial court erred in denying his
motion to suppress his confession.

Standard of Review

We review a
trial court's ruling on a motion to suppress for an abuse of discretion.  Wiede
v. State, 214 S.W.3d 17, 24 (Tex. Crim. App. 2007).  Appellate courts must
give great deference to the trial court's findings of historical facts as long
as the record supports the findings.  Guzman v. State, 955 S.W.2d 85, 87
(Tex. Crim. App. 1997).  Because the trial court is the exclusive factfinder,
the appellate court reviews evidence adduced at the suppression hearing in the
light most favorable to the trial court's ruling.  Carmouche v. State,
10 S.W.3d 323, 327 (Tex. Crim. App. 2000).  We also give deference to the trial
court's rulings on mixed questions of law and fact when those rulings turn on
an evaluation of credibility and demeanor.  Guzman, 955 S.W.2d at 87. 
Where such rulings do not turn on an evaluation of credibility and demeanor, we
review the trial court's actions de novo.  Id.

Garrity

            PenaDeLa first complains
that his confession is inadmissible under Garrity v. State of New Jersey,
385 U.S. 493 (1967).  In Garrity, police officers under investigation
for misconduct were warned before being questioned that they had the right to
refuse to answer questions, but that they would be subject to removal from
office if they refused to answer. Garrity, 385 U.S. at 494.  The Court
held that the 14th Amendment prohibits the use of statements
obtained under threat of removal from office in subsequent criminal
proceedings.  Garrity, 385 U.S. at 500.

PenaDeLa argues
that his statement to Warden Johnson was obtained under threat of termination,
and therefore, that statement and the subsequent statement made to Investigator
Dorman are both inadmissible.  The TDCJ Rules of Conduct require employees to
cooperate with official investigations.  PenaDeLa had a “general idea” of the
rules, but did not remember the rules in detail.  PenaDeLa testified that he
believed he would be arrested if he did not give a statement to Warden Johnson
and cooperate with the investigation.  PenaDeLa did not testify that he was told
he would be terminated if he refused to give a statement or that he believed he
would be terminated for refusing to give a statement.  Investigator Dorman
specifically informed PenaDeLa that he would not be disciplined for exercising
his Miranda rights.  The record does not support PenaDeLa’s argument
that his statements are inadmissible under Garrity.  

Custody

            PenaDeLa next argues that
his statements were given involuntarily because he was in custody at the time
he gave the statements.  In determining whether an individual was in custody, a
court must examine all of the circumstances surrounding the interrogation, but
the ultimate inquiry is simply whether there was a formal arrest or restraint
on freedom of movement of the degree associated with a formal arrest.  Estrada
v. State, 313 S.W.3d 274, 294 (Tex.Crim.App.2010), cert. den’d, 2011
U.S. Lexis 441, 79 U.S.L.W. 3399 (U.S. January 10, 2011); Dowthitt v. State,
931 S.W.2d 244, 254 (Tex.Crim.App.1996).  An officer's views concerning the
nature of an interrogation, or beliefs concerning the potential culpability of
the individual being questioned, may be one among many factors that bear upon
the assessment whether that individual was in custody, but only if the
officer's views or beliefs were somehow manifested to the individual under
interrogation and would have affected how a reasonable person in that position
would perceive his or her freedom to leave.  Estrada, 313 S.W.3d at
294.  

            PenaDeLa was questioned in
the warden’s office complex inside of the prison unit.  Although there were
guards in the office complex, the guard was not permitted to restrain or detain
PenaDeLa.  Obviously, for security purposes the doors leaving the prison are
locked and a person must have employee identification to leave the premises or
other authorization.

Warden Johnson
testified that PenaDeLa was free to leave at any time.  Johnson explained,
“There’s no one there except the inmates in white that are not free to leave.”
If PenaDeLa would have indicated to Johnson that he did not wish to give a
statement, Johnson would have let him leave the premises at that time.  During
the course of the investigation, PenaDeLa surrendered his employee
identification, and therefore, would have to be escorted out of the building. 
Johnson testified that if PenaDeLa would have requested to leave, a uniformed
shift supervisor or Johnson would have escorted him from the building.

Investigator
Dorman read PenaDeLa the Miranda warnings before taking a statement
informing PenaDeLa of his right to terminate the interview.  PenaDeLa signed
the statement indicating that he was not in custody.

Although the
security measures inside of the prison unit created a unique situation for
leaving the building, PenaDeLa was free to terminate the interview and leave
the premises at any time.  We find that a reasonable person would not believe
his freedom of movement was restrained to the degree associated with a formal
arrest.  The trial court did not abuse its discretion in denying PenaDeLa’s
motion to suppress.  We overrule PenaDeLa’s sole issue on appeal.

We affirm the
trial court’s judgment.

 

 

                                                                        AL
SCOGGINS

                                                                        Justice

 

Before Chief
Justice Gray,

            Justice
Davis, and

            Justice
Scoggins

Affirmed

Opinion
delivered and filed March 2, 2011

Do not publish 

[CR25]








 









[1] Hollis was also charged in connection
with the offense, and he also filed a motion to suppress his statement.  The
trial court held a joint hearing on the motions.





 

[2] Miranda v Arizona, 384 U.S. 436
(1966).